# NOS. 12-07-00363-CR
# 12-07-00364-CR
# 12-07-00365-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUBEN MUNIZ,*<br>*APPELLANT* | § | *APPEALS FROM THE EIGHTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ruben Muniz appeals multiple convictions of sexual assault. In two issues, Appellant argues that (1) the trial court erred by failing to appoint an independent psychiatrist and (2) testimony concerning witnesses' identification of Appellant was improperly admitted because the pretrial identification procedure was impermissibly suggestive. We affirm.

## BACKGROUND

Appellant was charged by multiple indictments with thirteen counts of sexual assault of a person under age seventeen. The allegations related to various instances of sexual contact between Appellant and any one of three young girls. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The record[1] of the trial reflects that, on three separate occasions, Appellant, accompanied by one or more of these young girls, went to a hotel room in Rains County, Texas,

---

[1] Appellant has not challenged the sufficiency of the evidence.

where he provided the girl(s) with alcohol to drink and engaged in multiple forms of sexual contact with the girl(s). On two occasions, Appellant took pictures while engaged in sexual contact with the girls. On one occasion, Appellant paid each of the two girls accompanying him one hundred dollars before returning them to Rains High School. The jury found Appellant "guilty" as charged on ten counts of sexual assault. On two counts, the jury assessed Appellant's punishment at imprisonment for fifteen years for each offense. On the remaining eight counts, the jury assessed Appellant's punishment at imprisonment for ten years, probated for ten years for each offense. The trial court sentenced Appellant accordingly and ordered that each of Appellant's fifteen year sentences run consecutively. This appeal followed.

## COURT APPOINTED PSYCHIATRIST

In his first issue, Appellant argues that the trial court erred when it declined to appoint an independent psychiatrist and denied his motion for continuance based on the absence of certain witnesses.

### Appointment of Psychiatrist

We review a trial court's ruling on an indigent defendant's motion requesting the appointment of an expert witness for abuse of discretion. *See Perales v. State*, 226 S.W.3d 531, 536 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *Deason v. State*, 84 S.W.3d 793, 796 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd); *Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998)). An indigent defendant has the right to have an expert appointed upon a preliminary showing that the matters that the expert will address will likely be significant factors at trial. *Perales*, 226 S.W.3d at 536 (citing *Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App.1995)); *see also Ake v. Oklahoma*, 470 U.S. 68, 74, 82-83, 86, 105 S. Ct. 1087, 1091–92, 1097–98, 84 L. Ed. 2d 53 (1985). However, a defendant must actually be indigent to be provided state funds for, or to have appointed, such an expert. *Perales*, 226 S.W.3d at 536; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(d) (Vernon 2009). If a defendant is not indigent, then *Ake* does not apply. *Perales*, 226 S.W.3d at 536.

It is the defendant's burden to show indigency if, as here, indigency has not already been declared by the court. *Id.* To show indigency, an appellant must present more than simply an unverified allegation that his financial situation has changed. *Id.* at 537; *see* TEX. CODE CRIM. PROC.

2

ANN. art. 26.04(m) (Vernon 2009) (In determining whether a defendant is indigent for purposes of appointment of counsel, a court may consider the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, number and age of dependents, and spousal income.).

In the case at hand, Appellant was represented by retained counsel. There is no indication from the record that Appellant was indigent or made any declaration of indigency to the trial court. Therefore, we hold that the trial court did not err in declining to appoint an independent psychiatrist.

## Denial of Motion for Continuance

Appellant further argues that the trial court erred in denying his motion for continuance. We review the denial of a motion for continuance for abuse of discretion. *See Franklin v. State*, 858 S.W.2d 537, 539–40 (Tex. App.–Beaumont 1993, pet. ref'd). By his motion, Appellant sought to continue the trial of the case because certain doctors whose testimony he sought to procure by subpoena had challenged their respective subpoenas. When a defendant's motion for continuance on such grounds is denied, it is incumbent upon the accused, who wishes to rely upon the alleged error of the court, to file a motion for new trial and there make a showing with some degree of reliability that the witness would have testified to something material and beneficial to the defendant.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 29.06(3) (Vernon 2009); *Harrison*, 187 S.W.3d at 433. A mere recitation that the appellant expects to prove certain things by the witness is not sufficient. *Harrison*, 187 S.W.3d at 433. Furthermore, a trial court does not abuse its discretion in denying a motion for continuance where the evidence does not indicate a probability that the missing witness can be located with the help of a postponement of the trial. *See Franklin v. State*, 858 S.W.2d 537, 539–40 (Tex. App.–Beaumont 1993, pet. ref'd).

In the instant case, Appellant did not file a motion for new trial. Consequently, we must look to his motion for continuance to determine if he met his burden with regard to the substance of the testimonies of the witnesses whose presence was made the basis of his motion for continuance. In his verified motion, Appellant states, "Defense counsel would expect that the witnesses would testify that the defendant was suffering from severe mental illness." Appellant further states, "These

---

[2] Such a showing can be made concurrently with the filing of the motion for continuance, but is not a prerequisite to such a filing. *See Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005).

witnesses would also counter the prosecutor's contention that the Defendant fled to the VA hospital to avoid prosecution and that he removed incriminating items from his apartment."

Concerning the witnesses' testimonies regarding Appellant's mental illness, Appellant offered no further details pertaining to what testimony, if any, would underlie such experts' opinions. Furthermore, Appellant's summation of these witnesses' testimonies regarding mental illness does not, by itself, relate to the trial court or this court any indicia of reliability regarding the subject matter of the witnesses' testimonies. Further still, Appellant makes no attempt to elaborate on the materiality of the testimony supposedly contradictory to allegations that Appellant fled to the VA hospital to avoid prosecution or that he removed incriminating items from his apartment.[3] Moreover, there is no indicia of reliability concerning this testimony.

Finally, Appellant's motion for continuance does not indicate that there is any probability that the objections of these absent witnesses, who have challenged Appellant's attempt to procure their testimony by subpoena, can be overcome with the help of a postponement of the trial. *See* **Franklin**, 858 S.W.2d at 539–40. As such, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for continuance because Appellant failed to meet his burden under article 29.06. Appellant's first issue is overruled.

## IDENTIFICATION PROCEDURE

In his second issue, Appellant argues that the testimony by a law enforcement officer that Appellant was identified by witnesses should not have been admitted because the identification procedure used, which involved showing each witness a single photograph of Appellant, was impermissibly suggestive.

Deciding whether a pretrial identification procedure was impermissibly suggestive is a mixed question of fact and law. **Loserth v. State**, 963 S.W.2d 770, 772–73 (Tex. Crim. App. 1998). We apply a de novo standard of review for mixed questions of law and fact that do not turn on an evaluation of credibility or demeanor. **Id.** at 773. To challenge the admissibility of a pretrial identification, an appellant has the burden to show, by clear and convincing evidence, based on the

---

[3] There is likewise no indication how any of these doctors would have acquired any of the knowledge underlying such testimony.

totality of the circumstances, that the pretrial identification procedure (1) was impermissibly suggestive and (2) created a substantial likelihood of irreparable misidentification. *See **Barley v. State***, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995).

Appellant's sole support for his position is ***Loserth***, a case in which the court considered whether a single photograph identification procedure was permissible. Yet Appellant fails to set forth in his brief any analysis concerning how the factors enumerated in ***Loserth***[4] apply to the case at hand. Rather, Appellant merely argues that the trial court did not itself apply the factors set forth in ***Loserth***.[5]

While the use of a single photograph is suggestive, it does not necessarily render identification testimony inadmissible per se. ***Wilkerson v. State***, 901 S.W.2d 778, 782 (Tex. App.–Beaumont 1995, no pet.) (citing ***Herrera v. State***, 682 S.W.2d 313, 318–19 (Tex. Crim. App. 1984), *aff'd*, ***Herrera v. Collins***, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)). Even assuming arguendo that the identification procedure at issue was indeed impermissibly suggestive, Appellant still has the burden to demonstrate that, under the totality of the circumstances, the "photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." ***Simmons v. United States***, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247, 1253 (1968); TEX. R. APP. P. 38.1(h). If the totality of the circumstances reveals no substantial likelihood of misidentification despite the suggestive identification procedure, then the identification testimony will be deemed reliable and, therefore, admissible, since "reliability is the linchpin in determining the admissibility of identification testimony." ***Manson v. Brathwaite***, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140, 154 (1977).

Here, Appellant has failed to offer any meaningful argument in his brief that the photographic

---

[4] In ***Loserth***, the court set forth the following five nonexclusive factors enunciated in ***Neil v. Biggers***, 409 U.S. 188, 199–200, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972): (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *See **Loserth***, 985 S.W.2d at 543.

[5] We do not read the court's opinion in ***Loserth*** to require that the trial court make express findings with regard to the ***Biggers*** factors. Rather, where the trial court does not make an express finding, we must view the facts in a light favorable to the trial court's ruling. *See **Loserth***, 985 S.W.2d at 544.

identification procedure of which he complains was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Appellant's heavy burden with regard to this essential element does not end with the overruling of his objection at trial. Rather, Appellant's brief must contain a clear and concise argument for the contentions made. *See* TEX. R. APP. P. 38.1(h). Authorities alone are not sufficient to comprise an argument that suffices under rule 38.1(h). *Mack v. State*, No. 12-02-00037-CR, 2003 WL 23015101, at *2 (Tex. App–Tyler Dec. 23, 2003, pet. ref'd) (citing *Bradt v. West*, 892 S.W.2d 56, 69 (Tex. App.–Houston [1st Dist.] 1994, writ denied)). An appellant's brief should argue to the court the law and the facts that weigh in the party's favor. *See Mack*, 2003 WL 23015101, at *2 (citing *McFarland v. Sanders*, 932 S.W.2d 640, 647 (Tex. App.–Tyler 1996, no writ)); *see also Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) (It is not the responsibility of an appellate court to concoct arguments for an appellant where an issue is inadequately briefed.). Therefore, because Appellant has failed to make any cogent argument concerning a critical element underlying the issue he raises, he has not met his burden and has waived the issue on appeal. *See* TEX. R. APP. P. 38.1(h). Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgments.


    SAM GRIFFITH
Justice


Opinion delivered May 29, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

6